UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SOEUN SUN,

    Plaintiff,

v.

FIFE POLICE DEPT,

    Defendant.

CASE NO. 3:17-CV-05309-RJB-DWC

REPORT AND RECOMMENDATION

Noting Date: September 1, 2017

Plaintiff Soeun Sun, proceeding *pro se*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Third Amended Complaint under 28 U.S.C. § 1915A, the Court concludes Plaintiff has failed to state a claim for which relief can be granted. Accordingly, the Court recommends the Third Amended Complaint be dismissed without prejduice and this case be closed.

**BACKGROUND**

Plaintiff, who is housed at Pierce County Jail, alleges his constitutional rights were violated when he was unlawfully arrested by Defendant Fife Police Department. Dkt. 16.[1] Plaintiff filed the Complaint in the Superior Court of Pierce County. *See id*. Defendant removed the action to the

---

[1] The Court notes Plaintiff named Thomas Vradenburg, Jeff Nolta, and Ryan Micenko in his previously filed complaints. *See* Dkt. 1-2, 10, 13. The Court notified Plaintiff an amended complaint would act as a complete substitute for the previously filed complaints, and not as a supplement. *See* Dkt. 8, 12, 15. As the Third Amended Complaint is a complete substitute for any previously filed complaint, the Court finds Plaintiff has named only Fife Police Department as a Defendant in this action.

Western District of Washington, Tacoma Division, on April 26, 2017. *See* Dkt. 1. Plaintiff has not filed notice of service and Defendant has not filed a waiver of service or an answer or other responsive pleading.[2]

On May 25, 2017, the Court screened Plaintiff's Complaint and found it was deficient. *See* Dkt. 8. The Court ordered Plaintiff to correct the deficiencies in the Complaint by June 26, 2017. *Id*. On June 8, 2017, Plaintiff filed the Amended Complaint, which the Court again found deficient. Dkt. 10, 12. Plaintiff was directed to correct the deficiencies and, on July 10, 2017, Plaintiff filed the Second Amended Complaint. Dkt. 13. The Court screened Plaintiff's Second Amended Complaint and again found it deficient. Dkt. 15. The Court notified Plaintiff of the deficiencies and directed him to file a third amended complaint by August 14, 2017. *Id*. On July 20, 2017, Plaintiff filed the Third Amended Complaint. Dkt. 16.

**I.     Discussion**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

  A.   <u>Personal Participation</u>

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2)

---

[2] It appears Plaintiff sent only a summons to the City of Fife. *See* Dkt. 2, pp. 25-26.

the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

Plaintiff names the Fife Police Department as the sole Defendant in the caption of the Third Amended Complaint. Dkt. 16. In the body of the Third Amended Complaint, Plaintiff states only that "Defendants" violated his rights by unlawfully arresting him. *See id*. Plaintiff fails to clearly identify who allegedly violated his rights and state the alleged wrong-doing of each "Defendant." He provides only generalized statements alleging Defendants unlawfully seized him when they arrested him on December 28, 2011. *Id*. at p. 3. Without properly naming Defendants, Plaintiff has failed to state a claim for which relief can be granted in this action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation"); *Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir.

1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims).

B. Improper Defendant

The sole Defendant in the Third Amended Complaint is the Fife Police Department. In order to bring an appropriate action challenging the actions, policies or customs of a local governmental unit, a plaintiff must name the county or city itself as a party to the action, and not the particular municipal department or facility where the alleged violation occurred. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978); *Bradford v. City of Seattle*, 557 F. Supp. 2d 1189, 1207 (W.D. Wash. 2008). As the Fife Police Department is not a legal entity capable of being sued, the Court finds the sole Defendant in this case should be dismissed.

C. Failure to Address Order to Show Cause

The Court also notes Plaintiff failed to follow the Court's Orders to Show Cause. In the Orders to Show Cause filed on June 19, 2017 and July 14, 2017, the Court found Plaintiff's claims were possibly barred by the statute of limitations and directed Plaintiff to allege facts sufficient to show statutory or equitable tolling provisions were applicable in this case, and provide any date he was released on bond and the date he was sentenced following his convictions. *See* Dkt. 12, 15. Plaintiff failed to provide this information both times it was requested. *See* Dkt. 13, 16. The Court finds Plaintiff's failure to adequately address issues raised in the Orders to Show Cause also warrants dismissal.

D. Leave to Amend

The Ninth Circuit has "established that a pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). The Court finds Plaintiff has failed to allege facts sufficient to show Defendant is liable under

§1983. The Court provided Plaintiff with notice of the deficiencies in his claims. *See* Dkt. 8, 12, 15. As Plaintiff has been given leave to amend three times and has been instructed regarding the deficiencies of all his claims, the Court recommends Plaintiff not be again given leave to amend. *See Swearington v. California Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015) (finding the district court did not abuse its discretion in dismissing without leave to amend because the plaintiff did not cure the complaint's deficiencies despite the district court's specific instructions about how to do so); *see also Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco,* 792 F.2d 1432, 1438 (9th Cir.1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.").

**II.     Conclusion**

For the above stated reasons, the undersigned recommends Plaintiff's Third Amended Complaint be dismissed without prejudice for failure to state a claim. The Court also recommends this dismissal count as a strike. *See* 28 U.S.C. § 1915(g).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on September 1, 2017, as noted in the caption.

Dated this 15th day of August, 2017.

/s/ David W. Christel
David W. Christel
United States Magistrate Judge